UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEVIN CARTER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-5022** |
| **ROBERT TANNER, CCE, WARDEN**<br>**RAYBURN CORRECTIONAL CENTER** | **SECTION "S"(2)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary. See 28 U.S.C. § 2254(e)(2).[1] For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as time-barred.

### I. FACTUAL BACKGROUND

The petitioner, Kevin Carter, is a convicted inmate incarcerated in the B.B. "Sixty" Rayburn Correctional Center in Angie, Louisiana.[2] On August 23, 2010, Carter was charged in Orleans Parish by bill of information with possession with intent to distribute

---

[1] Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

[2] Rec. Doc. No. 1.

cocaine.[3] The state court record reflects that police were investigating reports of drug activity at a house located at 2528 Cadiz Street in New Orleans.[4] Carter was arrested after a confidential informant twice purchased drugs from him at that location.

Carter was tried before a jury on May 22, 2012, and found guilty of the responsive verdict of possession of cocaine.[5] On May 25, 2012, the state trial court sentenced Carter to five years in prison at hard labor.[6]

At a February 8, 2013 hearing, the state trial court denied several post-trial motions filed by Carter's counsel on January 25, 2013.[7] After waiver of legal delays, Carter pleaded guilty to the State's multiple offender bill charging him as a fourth felony offender.[8] That same day, the court resentenced Carter to 20 years in prison at hard labor as a fourth felony offender.[9]

On August 7, 2013, in response to mandamus directives from the Louisiana Fourth Circuit, the state trial court denied the motion for appeal previously filed by Carter's

---

[3]St. Rec. Vol. 1 of 2, Bill of Information, 8/23/10.

[4]St. Rec. Vol. 1 of 2, Application for Search Warrant, 8/17/10.

[5]St. Rec. Vol. 1 of 2, Trial Minutes (3 pages), 5/22/12.

[6]St. Rec. Vol. 1 of 2, Sentencing Minutes, 5/25/12.

[7]St. Rec. Vol. 1 of 2, Motion for Judgment of Acquittal, 1/25/13; Sentencing Minutes, 2/8/13.

[8]St. Rec. Vol. 1 of 2, Multiple Bill, 8/2/12; Sentencing Minutes, 2/8/13; Minute Entry, 1/15/13; Opposition to Multiple Bill, 11/26/12; Hearing Minutes,11/19/12. On January 15, 2013, the state trial court adjudicated Carter to be a fourth offender, yet granted an additional hearing on February 8, 2013. St. Rec. Vol. 1 of 2, Minute Entry, 1/15/13.

[9]St. Rec. Vol. 1 of 2, Sentencing Minutes, 2/8/13.

counsel.[10]  Carter's conviction became final 30 days later, on September 6, 2013, when he did not seek further review of that ruling, the conviction, the habitual offender adjudication or the sentence.  See Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008) (citing Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003) (an appeal is final when the state defendant does not timely proceed to the next available step in an appeal process)).

On September 24, 2013, Carter signed and submitted a writ application to the Louisiana Fourth Circuit seeking a mandamus order for the state trial court to rule on the motion for appeal.[11]  On October 16, 2013, the court denied relief, because the state trial court had already ruled.[12]  Carter did not seek review of this ruling.

Almost two years and eight months later, on June 13, 2016, Carter signed and submitted a writ application to the Louisiana Fourth Circuit seeking an order for the state trial court to rule on a motion to correct an illegal sentence, which Carter claimed to have

---

[10]St. Rec. Vol. 1 of 2, Motion for Appeal, 1/25/13; Docket Entry, 8/7/13;St. Rec. Vol. 2 of 2, 4th Cir. Order, 2013-K-0974, 7/29/13; 4th Cir. Writ Application, 2013-K-0974, 7/15/13 (dated 7/9/13); 4th Cir. Order, 2013-K-0482, 5/14/13; 4th Cir. Writ Application, 2013-K-0482, 4/15/13 (dated 4/9/13).

[11]St. Rec. Vol. 2 of 2, 4th Cir. Writ Application, 2013-K-1344, 10/1/13 (dated 9/24/13).

[12]St. Rec. Vol. 2 of 2, 4th Cir. Order, 2013-K-1344, 10/16/13.

filed with the state trial court on October 22, 2015.[13] Without ruling, the court forwarded a copy of the motion to correct to the state trial court for a response within 30 days.[14]

On July 22, 2016, the state trial court granted a hearing on the motion to correct and appointed counsel to represent Carter.[15] In light of this ruling, the Louisiana Fourth Circuit denied as moot Carter's June 13, 2016 writ application.[16]

On April 17, 2017, in connection with Carter's second mandamus application, the Louisiana Fourth Circuit sent another copy of the motion to correct sentence to the state trial court for a response.[17] On July 19, 2017, the state trial court heard argument from counsel and denied the motion to correct the sentence.[18] In light of this ruling, on August 21, 2017, the Louisiana Fourth Circuit denied as moot Carter's second mandamus application.[19]

In the meantime, on August 18, 2017, Carter signed and submitted a writ application to the Louisiana Fourth Circuit challenging the state trial court's denial of the

---

[13]St. Rec. Vol. 2 of 2, 4th Cir. Writ Application, 2016-K-0654, dated 6/13/16. Even if this motion had been filed on October 22, 2015, as plaintiff contends, it would have been more than two years after his conviction became final.

[14]St. Rec. Vol. 2 of 2, 4th Cir. Order, 2016-K-0654, 7/6/16.

[15]St. Rec. Vol. 2 of 2, Trial Court Judgment, 7/22/16.

[16]St. Rec. Vol. 2 of 2, 4th Cir. Order, 2016-K-0654, 8/16/16.

[17]St. Rec. Vol. 2 of 2, 4th Cir. Order, 2017-K-0123, 4/17/17; 4th Cir. Writ Application, 2017-K-0123, 2/8/17 (dated 1/29/17).

[18]St. Rec. Vol. 1 of 2, Docket Entry, 7/19/17.

[19]St. Rec. Vol. 2 of 2, 4th Cir. Order, 2017-K-0123, 8/21/17.

motion to correct his sentence.[20] On September 28, 2017, the Louisiana Fourth Circuit denied relief after finding that the motion to correct was an application for post-conviction relief.[21] In doing so, the court held that post-conviction relief was not available for review of sentencing errors, citing La. Code Crim. P. art. 930.3, State ex rel. Melinie v. State, 665 So.2d 1172 (La. 1996), and State v. Cotton, 45 So.3d 1030 (La. 2010).

Almost seven weeks later, on November 16, 2017, Carter signed and submitted a writ application to the Louisiana Supreme Court seeking review of that ruling.[22] On January 29, 2018, the court declined to consider the writ application, finding that it was not timely filed under La. S.Ct. Rule X§5.[23]

III.   FEDERAL HABEAS PETITION

On May 16, 2018, the clerk of this court filed Carter's federal habeas corpus petition in which he asserts the following grounds for relief:[24] (1) the state trial court failed to establish the ten-year "cleansing period" related to his prior federal criminal conviction that was used to enhance his sentence through the state habitual felony

---

[20]St. Rec. Vol. 2 of 2, 4th Cir. Writ Application, 2017-K-0732, 9/1/17 (dated 8/18/17).

[21]St. Rec. Vol. 2 of 2, 4th Cir. Order, 2017-K-0732, 9/28/17.

[22]St. Rec. Vol. 2 of 2, La. S. Ct. Writ Application, 17-KH-1969, 11/27/17 (dated 11/16/17).

[23]State ex rel. Carter v. State, 234 So.3d 72 (La. 2018); St. Rec. Vol. 2 of 2, La. S. Ct. Order, 2017-KH-1969, 1/29/18. La. S.Ct. Rule X§5 allows 30 days from the issuance of the appellate court's ruling for a party to mail or file a writ application with the court.

[24]Rec. Doc. No. 1.

offender bill; and (2) the state trial court erred when it denied the motion to correct an illegal sentence at a hearing at which petitioner was not present.

The State filed a response in opposition to Carter's federal petition, asserting that the petition is time-barred and, alternatively, state court review was not properly exhausted in light of his untimely and procedurally improper state post-conviction pleadings.[25]

### III. GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996[26] and applies to habeas petitions filed after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). The AEDPA therefore applies to Carter's petition, which, for reasons discussed below, is deemed filed on May 13, 2018.[27] The threshold questions in habeas review under the amended statute are

---

[25]Rec. Doc. No. 11.

[26]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[27]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court filed Carter's

whether the petition is timely and whether petitioner's claims were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State asserts and the record establishes that Carter's federal petition was not timely filed. For the reasons that follow, the petition should be dismissed with prejudice as time-barred.

## IV.  STATUTE OF LIMITATIONS

The AEDPA requires that a Section 2254 petition must ordinarily be filed within one year of the date the conviction became final.[28]  Duncan v. Walker, 533 U.S. 167,

---

petition on May 16, 2018, and opened the case on June 8, 2018, when the filing fee was paid. Carter dated his signature on the form petition on May 13, 2018. This is the earliest date appearing in the record on which he could have submitted his pleadings to prison officials for mailing to a federal court. Payment of the filing fee does not alter the application of the federal mailbox rule. Cousin v. Lensing, 310 F.3d 843, 847 (5th Cir. 2002).

[28]The statute of limitations provision of the AEDPA in 28 U.S.C. § 2244(d) provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
A.   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
B.   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
C.   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
D.   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be

179-80 (2001). Carter's conviction became final on September 6, 2013, when he did not seek review of the denial of his motion for leave to appeal, the conviction, the habitual offender proceeding or the sentence. Applying Section 2244 literally, Carter had one year from finality of his conviction, until Monday, September 8, 2014,[29] to file his federal habeas corpus petition, which he did not do. His petition must be dismissed as untimely, unless the one-year statute of limitations was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that AEDPA's one-year statute of limitations period in Section 2244(d)(1) may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations in which the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. Pace, 544 U.S. at 418-19; Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002).

---

counted toward any period of limitation under this subsection.

[29]The last day was Saturday, September 6, 2014. The one-year filing period therefore ended on the next business day, Monday, September 8, 2014. See La. Code Crim. P. art. 13 (weekends and holidays not included in calculation when it would be the last day of the period); Fed. R. Civ. P. 6.

Carter has asserted no reason, and I can find none, that might constitute rare or exceptional circumstances why the one-year statute of limitations period should be considered equitably tolled in his case. The record does not establish circumstances that might fit the restrictive boundaries of "exceptional circumstances" described in binding precedent to warrant equitable tolling in this case. See Holland v. Florida, 560 U.S. 631, 651-54 (2010) (equitable tolling would be warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests timely to file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); Hardy v. Quarterman, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin,

9

162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); <u>Davis</u>, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a <u>properly filed application for State post-conviction or other collateral review</u> with respect to the pertinent judgment or claim is pending <u>shall not be counted</u> toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. <u>Flanagan</u>, 154 F.3d at 199 n.1. The Supreme Court has clearly described this provision as a tolling statute. <u>Duncan</u>, 533 U.S. at 175-78.

The decisions of the Fifth Circuit and other federal courts have held that, because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period. Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

10

Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926, at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); Gray v. Waters, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing. Pace, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); Williams v. Cain, 217 F.3d 303, 306-307 n.4 (5th Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999)); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000). The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings filed by a prisoner. Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas

11

petition.  Dillworth v. Johnson, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); Nara v. Frank, No. 99-3364, 2001 WL 995164, at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review").  A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition.  Godfrey v. Dretke, 396 F.3d 681, 686-88 (5th Cir. 2005).

In this case, the one-year AEDPA statute of limitations began to run on September 7, 2013, the day after Carter's conviction became final under federal law.  The period continued to run uninterrupted for one year, until Monday, September 8, 2014, when it expired.  Carter had no properly filed application for state post-conviction relief or other collateral review during that time period that might have tolled the AEDPA one-year statute of limitations.

Carter's motion to correct an illegal sentence, construed by the state courts as an application for post-conviction relief, was initially dated October 22, 2015, and first submitted as an attachment to his 2016 Louisiana Fourth Circuit writ application.  The signature date of the pleading, if accepted as the original submission date, was more than one year after the AEDPA statute of limitations expired on September 8, 2014.  Carter

12

is <u>not</u> entitled to tolling for a state court filing made <u>after</u> expiration of the AEDPA limitations period. <u>See</u> <u>Scott v. Johnson</u>, 227 F.3d 260, 263 (5th Cir. 2000) (state application for habeas corpus relief filed after limitations period expired does not toll the limitations period); <u>Higginbotham v. King</u>, 592 F. App'x 313, 314 (5th Cir. 2015) (citing <u>Scott</u>, 227 F.3d at 263); <u>see also</u>, <u>Lookingbill v. Cockrell</u>, 293 F.3d 256, 264 (5th Cir. 2002) (missing the AEDPA deadline by even one day renders a federal petition untimely).

The State includes in its finality calculation the Louisiana Fourth Circuit application for a writ of mandamus signed and submitted by Carter on September 24, 2013. This pleading, however, was <u>not</u> signed by Carter until 48 days <u>after</u> the state trial court denied the motion for leave to appeal on August 7, 2013. Thus, even if broadly construed as seeking review of that ruling, the writ application was <u>not</u> timely within the 30-day period allowed by La. App. R. 4-3. An untimely filed state court pleading does not provide Carter any tolling benefit or alter the finality of his conviction. <u>See</u> <u>Pace</u>, 544 U.S. at 414 ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."); <u>Butler</u>, 533 F.3d at 317; <u>Roberts</u>, 319 F.3d at 693.

Under the mailbox rule, Carter's federal petition is deemed filed on May 13, 2018, which was more than four years and eight months <u>after</u> the AEDPA one-year statute of

13

limitations expired on September 8, 2014. His federal petition was <u>not</u> timely filed and must be dismissed with prejudice for that reason.

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that Kevin Carter's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[30]

New Orleans, Louisiana, this \_\_\_10th\_\_\_ day of October, 2018.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[30]<u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.